IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| BRAD H. CLEARFIELD, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 1:20-CV-152 |
| MARY ALICE COFFMAN, | ) |
| Defendant. | ) |

**AMENDED COMPLAINT**

The Plaintiff, Brad H. Clearfield, by counsel, hereby submits his Amended Complaint against the Defendant, Mary Alice Coffman, as follows:

**Plaintiff's Right to Amend His Complaint**

1. This action was initiated in the Circuit Court of Fairfax County, Virginia (Case No. CL 2020-1841).

2. Defendant responded by removing this action to this Court, citing diversity jurisdiction.

3. To date, Defendant has not filed any responsive pleading.

4. On February 18, 2020, Defendant filed a Motion to Dismiss pursuant Fed. R. Civ. P. 12(b)(6); it was served upon Plaintiff's counsel by email the same day.

5. Under Fed. R. Civ. P. 15(a)(1)(b), Plaintiff is entitled to file this Amended Complaint within twenty-one days after Defendant filed her Motion to Dismiss.

**Facts**

6. Plaintiff Clearfield and Defendant Coffman (collectively, "Parties") began cohabiting in the summer of 1992.

7. From the onset of their cohabitation, the Parties intended and agreed to establish a household within which to raise the children of their respective prior marriages, and by which to combine their resources and expenses and further their mutual prosperity, economic and otherwise.

8. By deed dated October 9, 1997, and recorded October 30, 1997, the Parties acquired the property lying at 5601 Kemp Lane, Burke, Virginia (hereinafter, "Virginia Property"). The price was $255,000.00 of which the Defendant paid a down payment of about $40,000 less $12,000 cash returned at settlement. The Virginia Property was titled in the name of Defendant Coffman only, due to problems with Plaintiff Clearfield's credit. A copy of said deed to the Virginia Property is attached hereto and made a part hereof as Exhibit "A".

9. Though the Property was titled only in Coffman's name, the Parties at all times agreed and intended that the Virginia Property was acquired for their mutual benefit and that it belonged to them equally.

10. In accordance with the Parties' agreement that the Virginia Property belonged to them both equally, both Parties contributed to the monthly expenses of the Virginia Property, including but not limited to the mortgage and related payments (PITI), utilities, and maintenance.

11. Plaintiff Clearfield's contributions to the expenses of the Virginia Property were equal to or greater than those of Defendant Coffman. Plaintiff made improvements to the Virginia Property including finishing the basement with labor and expenses.

12. At no time did the Parties agree or make any statement contrary to their initial agreement that the Virginia Property did and should belong to them equally.

13. At no time did either Clearfield or Coffman believe or state to the other that Clearfield's contributions to the expenses of the Virginia Property were payments of rent.

14. To the best of Clearfield's knowledge, Coffman never filed any document with a taxing authority claiming Clearfield's contributions as rent or income.

15. That the parties hereto purchased an additional property for their mutual benefit on June 28, 2004, utilizing a down payment of $30,000 paid by your Defendant, to-wit: Pennsylvania 1B1 Mountain Villas Drive, Champion, Pennsylvania, (hereinafter, "Pennsylvania Property"), which property was purchased solely in the name of the Defendant.

16. Defendant at the time of the purchase of the Pennsylvania Property increased his monthly contributions to the Plaintiff.

17. On July 23, 2013, the Virginia Property was refinanced and portions of the proceeds thereof were utilized to satisfy the Pennsylvania Property liens.

18. That at the time of the purchase of the Pennsylvania Property and titling the property in the name of Coffman, the Parties understood and agreed that they had equal interest in that these payments gave Clearfield an interest in the Pennsylvania Property.

19. Clearfield and Coffman separated in late April of 2017.

20. Clearfield continued to contribute to their expenses of the Virginia Property each month through February of 2018.

21. On May 12, 2018, Coffman sold the Virginia Property for $680,000.00. A copy of the deed made pursuant to that sale is attached hereto and made a part hereof as Exhibit "B".

22. Clearfield is informed and believes that Coffman received a net profit from this sale, in an amount to be proven at trial but believed to be at least $440,000.00.

23. Some of the proceeds from the May 12, 2018 sale were used to further satisfy liens on the Pennsylvania Property, which property Coffman solely possesses and of which Clearfield has no title, use or access.

24. Coffman has retained and refused to share any portion of the proceeds of the May 12, 2018 sale with Clearfield.

## Count I – Breach of Coffman's Duties Under Adventure

25. Plaintiff incorporates paragraphs 1 through 24 of this Amended Complaint.

26. When the Parties established a household together, they combined in a joint adventure for their mutual benefit, agreeing to share in the benefits of ownership and the profits or losses thereof.

27. The joint adventure thus established by and between the Parties imposed upon each a fiduciary duty of utmost good faith, made each the trustee of the other's interests, and prohibited each from taking any interest or actions adverse to the other.

28. By taking and keeping as her own the benefits of ownership of the Pennsylvania Property and the profit derived from the sale of the Virginia Property, and denying Clearfield's one-half interest in those benefits, Coffman failed in her fiduciary duties to Clearfield.

29. Coffman's failures represent a breach of the Parties' agreement, and of the fiduciary trust existing in the Parties' close, confidential relationship, by which Clearfield was induced to contribute to the Parties' expenses over the long course of their association.

30. Coffman's breach of her duties under her joint adventure with Clearfield has damaged Clearfield in the amount of the profit he should have realized from the sale of the Virginia Property, and of one half of the value the Pennsylvania Property.

## Count II – Unjust Enrichment

31. Plaintiff incorporates paragraphs 1 through 30 of this Amended Complaint, and pleads further, in the alternative, as follows.

32. Clearfield, by his contributions of money and labor to the Virginia Property and the Pennsylvania Property, conferred a benefit on Coffman, the record owner of those properties.

33. Clearfield had a reasonable expectation that he would receive his one-half share of any profit derived from the sale of the Virginia Property, and that Coffman would honor his interest in the Pennsylvania Property.

34. Coffman knew of and materially benefited from Clearfield's contributions.

35. Coffman knew that Clearfield expected his interest in the Virginia Property and Pennsylvania Property to be honored, including that he expected to receive one half of the proceeds of a sale of the Virginia Property and expected to receive his portion of the Pennsylvania Property.

36. Coffman's failures represent a breach of the Parties' agreement, and of the fiduciary trust existing in the Parties' close, confidential relationship, by which Clearfield was induced to contribute to the Parties' expenses over the long course of their association.

37. Allowing Coffman to retain Clearfield's interest in the Pennsylvania Property and allowing Coffman to retain Clearfield's interest in the remaining proceeds derived from the sale of the Virginia Property would be inequitable.

**Prayer for Relief**

WHEREFORE, Plaintiff Clearfield prays for the following relief:

1. That a constructive trust, in favor of Clearfield, be imposed over one-half of the Pennsylvania Property, and over one-half of the proceeds of the sale of the Virginia Property, (an amount to be proven at trial but believed to equal no less than $220,000); that Coffman be ordered to pay such amount over to Clearfield; and that Clearfield be granted his attorney's fees and the

costs of bringing this action, plus legal interest from the date of judgment, and any other relief the Court may deem appropriate; or, in the alternative.

    2.    That Coffman be ordered to pay Clearfield restitution in an amount equal to one half of Coffman's interest in the Pennsylvania Property plus one-half of the proceeds from the sale of the Virginia Property; and that Clearfield be granted his attorney's fees and the costs of bringing this action, plus legal interest from the date of judgment, and any other relief the Court may deem appropriate; or, in the alternative.

        Respectfully submitted,
        Brad H. Clearfield,
        By Counsel,

        /s/
        Donald E. Coulter (VSB No. 14886)
        Andrew E. Hinds (VSB No. 90089)
        Purnell, McKennett & Menke, PC
        9214 Center Street, Suite 101
        Manassas, VA  20110
        (703) 368-9196
        (703) 361-0092 – Facsimile
        dcoulter@manassaslawyers.com
        ahinds@manassaslawyers.com
        *Counsel for Plaintiff*